UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Doğukan Günaydın,<br><br>   Petitioner,<br><br>v.<br><br>Donald J. Trump, *in his official capacity as President of the United States*; Joel Brott, *in his official capacity as the Sherburne county Sheriff*; Peter Berg, *in his official capacity as the St. Paul Field Office Director for U.S. Immigration and Customs Enforcement*; Jamie Holt, *in her official capacity as Homeland Security Investigations St. Paul Special Agent in Charge, U.S. Immigration and Customs Enforcement*; Todd Lyons, *in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement*; Kristi Noem, *in her official capacity as Secretary of the United States Department of Homeland Security*; and Marco Rubio, *in his official capacity as Secretary of State*,<br><br>   Respondents. | File No. 25-CV-01151 (JMB/DLM)<br><br>**ORDER** |

Hannah Brown, HB Law and Advocacy, Wayzata, MN, for Petitioner Doğukan Günaydın.

Friedrich A. P. Siekert and Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Donald J. Trump, Joel Brott, Peter Berg, Jamie Holt, Todd Lyons, Kristi Noem, and Marco Rubio.

  This matter is before the Court on Petitioner Doğukan Günaydın's Amended Petition for Writ of Habeas Corpus against Respondents. (Doc. No. 18.) Because Günaydın has not sought expedited injunctive relief; because the Department of Homeland

1

Security (DHS) has appealed to the BIA the immigration judge's (IJ) April 14, 2025 order that was issued pursuant to *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999) and in which the IJ concluded that DHS was substantially unlikely to establish its charge of removability under INA § 237 (a)(4)(A)(ii) and ordered Günaydın released on bond (Doc. Nos. 22-1. 22-2, 22-3); and because DHS has asked for a continuance in the immigration court proceedings to revisit its charging decisions (Doc. No. 22-6), IT IS HEREBY ORDERED THAT:

1. Good cause exists to delay any hearing on Günaydın's Amended Petition under 28 U.S.C. § 2243 or any adjudication of the Amended Petition.

2. The parties shall keep the Court apprised of the status of Günaydın's immigration court proceedings via declarations or letters filed on ECF, which shall inform the Court of relevant hearing dates, arguments or evidence presented at such hearings, changes in Günaydın's detention status, and any other relevant developments.  Respondents shall provide the Court with copies of any and all written orders and submit audio files of all immigration court proceedings within twenty-four hours of any such hearing.

3. In light of the fluid circumstances and in light of Günaydın's continued detention pursuant to 8 C.F.R. § 1003.19(i)(2), nothing in this Order prevents any party from seeking injunctive relief under Federal Rule of Civil Procedure 65 or from amending their pleadings and requests for relief.

Dated:  April 17, 2025                                                 /s/ *Jeffrey M. Bryan*
                                                                                          Judge Jeffrey M. Bryan
                                                                                          United States District Court